**BRIAN T. DUNN, ESQ. (SBN 176502)**
**EDWARD M. LYMAN, ESQ. (SBN 248264)**
**TIMAIAH SMITH, ESQ. (SBN 333587)**
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESENIA PENA, individually and as Successor in Interest to JESUS FLORES., deceased; AMBER TORRES, individually<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF AZUSA, a municipal entity; and DOES 1 through 10, inclusive,<br><br>Defendant | **CASE NO.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unreasonable Use of Deadly Force)**<br>2. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)**<br>3. **Violations of Civil Rights [42 U.S.C. § 1983]) (Substantive Due Process)**<br>4. **Violations of Civil Rights (Cal. Civ. Code §52.1)**<br>5. **Wrongful Death (Based on Battery)**<br>6. **Wrongful Death (Based on Negligence)**<br>7. **Battery (Cal. Gov't. Code §§815.2(a); 820(a)]**<br>8. **Negligence (Cal. Gov't. Code §§815.2(a); 820(a)]**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

**JURISDICTION AND VENUE**

1.     Jurisdiction is vested in this court under 28 U.S.C. § 1343(a)(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1367(a).

2.     Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b)

**PARTIES**

3.     Plaintiff YESENIA PENA is, and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Plaintiff YESENIA PENA is the surviving mother of decedent JESUS FLORES.

4.     Plaintiff YESENIA PENA is a Successor in Interest to decedent JESUS FLORES., and is entitled to bring certain causes of action herein alleged pursuant to § 377.30 of the California Code of Civil Procedure. (Attached herein is a declaration designating Plaintiff YESENIA PENA as a Successor in Interest to decedent YESENIA PENA, furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure, and a true and correct copy of the death certificate for decedent JESUS FLORES., furnished herewith pursuant to § 377.32 of the California Code of Civil Procedure.)

5.     Plaintiff AMBER TORRES, is and at all relevant times mentioned herein was, a resident of the County of Los Angeles and State of California. Plaintiff AMBER TORRES was subjected to unreasonable and excessive force, and is entitled to bring certain causes of action herein alleged.

6.     Defendant CITY OF AZUSA (hereinafter "CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

7.     Plaintiffs are informed, believe, and thereon allege that the heretofore unknown Defendant DOE Officers are, and at all relevant times mentioned herein

were, residents of the County Los Angeles and State of California. Plaintiffs are further informed and believe, and thereon allege, that at all times relevant to the acts and omissions herein alleged, the heretofore unknown Defendant DOE Officers were police officers employed by the Defendant CITY and the City of Azusa Police Department, and were acting under color of state law and in the course and scope of their employment with the Defendant CITY and the City of Azusa Police Department.

8.     On or around  March 28, 2021, and April 20, 202, timely Claims for damages were submitted to the City of Azusa, in substantial compliance with California Government Code § 910, *et se*q. As of the filing of this Complaint, the March 28, 2022 claim was rejected on April 13, 2022. As of this filing, the April 20, 2022 claim has not been denied.

9.     Plaintiffs are unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiffs will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to them. Plaintiffs are informed, believe, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

10.     Plaintiffs will seek leave to amend this Complaint to set forth said true name(s) and identities of the unknown named DOE Defendants when they are ascertained.

11.     Each of the individual Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

12.     Plaintiffs are informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

13.     This claim arises out of a fatal officer-involved shooting which occurred on October 22, 2021, at approximately 5:00 p.m., at or around 229 S. Azusa Ave. in Azusa, California. Plaintiff AMBER TORRES  was in the passenger's seat of a vehicle driven by decedent, JESUS FLORES, when Azusa Police Department officers (hereinafter sometimes referred to as ("DOE Officers") ,while acting under color of state law and within the course and scope of their employment with Defendant CITY and the City of Azusa Police Department, negligently assessed the circumstances that were presented to them, and then violently confronted Plaintiff AMBER TORRES, and Plaintiff YESENIA PENA'S decedent, JESUS FLORES,  without having reason to believe that decedent JESUS FLORES, and Plaintiff AMBER TORRES, had committed a crime, or would commit a crime in the future.

14.     Without warning, the Defendant DOE Officers proceeded to assault and batter decedent, JESUS FLORES and Plaintiff AMBER TORRES, by subjecting them to unreasonable and excessive use of force by repeatedly and unjustifiably shooting their department issued firearms at the vehicle, causing a state created danger, causing fatal injuries to the driver, decedent, JESUS FLORES, and causing the vehicle to plunge into a canal. As a result of the respondent officers' unlawful conduct, Plaintiff AMBER TORRES sustained severe injuries to her body,

including her neck, back, and mind, and JESUS FLORES was inflicted with a gunshot wound to his person. Following the shooting, the involved officers denied medical care to Plaintiff AMBER TORRES, and decedent, JESUS TORRES in a manner that demonstrated deliberate indifference to their constitutional rights. On November 23, 2021, JESUS FLORES, died as a direct and proximate result of the gunshot wound that was inflicted upon his person by the respondent officers.

15.     At no time during the course of these events did JESUS FLORES, or AMBER TORRES pose any reasonable or credible threat of death or serious bodily injury to the Defendant DOE Officers, nor did they do anything to justify the force that was used against them, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, JESUS FLORES posed no reasonable or credible threat of death or serious bodily injury to Defendant DOE Officers, nor to any other individual.

16.     Both prior to and during the time in which he was shot dead, decedent, JESUS FLORES and Plaintiff AMBER TORRES  made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that they  had the will, or the ability, to inflict substantial bodily harm upon any individual.

17.     Both prior to and during the time in which the Defendants DOE Officers shot and killed JESUS FLORES, the Defendant DOE Officers, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that decedent JESUS FLORES, and Plaintiff AMBER TORRES, posed an immediate threat of death or serious bodily injury to any person.

18.     After surviving for a significant and appreciable period of time following the shooting, JESUS FLORES died as a direct and proximate result of the gunshot wounds negligently inflicted upon his person by Defendant DOE Officers.

**<u>FOR THE FIRST CAUSE OF ACTION</u>**
**By Plaintiffs Amber Torres, and Yesenia Pena, as Successor in Interest to**
**JESUS FLORES, Against Defendant DOE Officers**
**for Violations of Civil Rights**
**[42 U.S.C. § 1983]**
**(Based on Unreasonable Use of Deadly Force)**

19.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

20.     This cause of action is brought on behalf of  Plaintiff AMBER TORRES, and decedent JESUS FLORES, by and through his Successor in Interest, Plaintiff YESENIA PENA, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to AMBER TORRES and JESUS FLORES, by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

21.      Plaintiffs are informed, believe, and thereon allege that at all times mentioned herein, the Defendant CITY employed the Defendant DOE Officers. The Defendant CITY and the City of Azusa Police Department provided its individual employees and agents, including the Defendants DOE Officers, with official badges and identification cards which designated and described the bearers as employees of the Defendant CITY and the City of Azusa Police Department.

22.     At all times relevant to the acts and omissions herein alleged, the Defendant DOE Officers were employed by the Defendant CITY and the City of Azusa Police Department, and were acting under color of state law and in the course and scope of their employment with the Defendant CITY and the City of Azusa Police Department.

23.     On October 22, 2021, at approximately 5:00 p.m., at or around 229 S. Azusa Ave., in Azusa, California, AMBER TORRES was in the passenger's seat of a vehicle driven by decedent, JESUS FLORES ("Driver") when City of Azusa Police Department DOE Officers while acting under color of state law and within the course and scope of their employment with the City of Azusa and the City of Azusa Police Department, negligently assessed the circumstances that were presented to them, and then violently confronted Plaintiff AMBER TORRES and decedent, JESUS FLORES.

24.     Without warning, the Defendant DOE Officers proceeded to assault and batter Plaintiff AMBER TORRES and decedent, JESUS FLORES, by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the vehicle and at the persons of AMBER TORRES and  JESUS FLORES, inflicting gunshot wounds, which proved to be fatal. Following the shooting, the involved officers denied medical care to AMBER TORRES and JESUS FLORES in a manner that demonstrated deliberate indifference to their constitutional rights. After a significant and appreciable period of time had passed following the shooting, on November 23, 2021,  JESUS FLORES died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Officers.

25.     At no time during the course of these events did AMBER TORRES or decedent, JESUS FLORES pose any reasonable or credible threat of death or serious bodily injury to the Defendant DOE Officers, nor did they do anything to justify the force that was used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which Plainitiff AMBER TORRES was severely injured and decedent was fatally shot, AMBER TORRES and  JESUS FLORES posed no reasonable or credible threats of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both prior

to and during the time in which AMBER TORRES was injured and JESUS FLORES  was shot, they made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that they had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which the Defendant DOE Officers shot at the vehicle and JESUS FLORES, Defendant DOE Officers, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that AMBER TORRES and JESUS FLORES posed an immediate threat of death or serious bodily injury to any person.

26.     Plaintiffs are informed, believe, and thereupon allege that in injuring AMBER TORRES and shooting JESUS FLORES, as described in the foregoing paragraphs of this Complaint, Defendant DOE Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive AMBER TORRES and JESUS FLORES of their protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DOE Officers in an amount to be proven at the trial of this matter.

27.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE Officers, AMBER TORRES and decedent JESUS FLORES sustained significant physical, mental, and emotional injuries on October 22, 2021. they suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension prior in a sum to be determined at trial.

28.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE Officers, AMBER TORRES and

decedent JESUS FLORES were required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for them, and has incurred and continues to incur expenses for emergent and other medical services, treatment, and care in an amount according to proof at trial.

29.     Plaintiffs are entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## FOR THE SECOND CAUSE OF ACTION
**(By Plaintiff Amber Torres  and Yesenia Prena  as Successor  in Interest to JESUS FLORES, Deceased, Against Defendant CITY OF AZUSA for Violations of Civil Rights**
**[42 U.S.C. § 1983])**
**(Based on an Unconstitutional Policy, Practice, or Custom)**

30.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

31.     This cause of action is brought on behalf of  Plaintiff AMBER TORRES, and decedent JESUS FLORES, by and through his Successor in Interest, Plaintiff YESENIA PENIA, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to JESUS FLORES by the Fourth Amendment to the Constitution of the United States, including, but not limited to, the right to be free from unreasonable governmental seizures of his person.

32.     Plaintiffs are informed, believe, and thereon allege that at all times mentioned herein, the Defendant CITY employed the Defendants DOE Officers. The Defendant CITY provided its individual employees and agents, including the Defendant DOE Officers, with official badges and identification cards which designated and described the bearers as employees of the Defendant CITY and the City of Azusa Police Department.

33.     At all times relevant to the acts and omissions herein alleged, the Defendant DOE Officers were employed by the Defendant CITY and the City of Azusa Police Department, and were acting under color of state law and in the course and scope of their employment with the Defendant CITY and the City of Azusa Police Department.

34.     As set forth in the foregoing paragraphs of this Complaint, Defendant DOE Officers, while acting under color of law and in the course and scope of their employment with the Defendant CITY and the City of Azusa Police Department, violated the Fourth Amendment rights of decedent JESUS FLORES by acts which included, but were not limited to, unreasonably using deadly and excessive force against  AMBER TORRES, and decedent, JESUS FLORES . As described in this Complaint, the shooting of JESUS FLORES was an unconstitutional display of an unreasonable seizure, and of the deadly and excessive use of force, which violated the Fourth Amendment right of JESUS FLORES to be free from unreasonable governmental seizures of his person.

35.     Plaintiffs are informed and believe, and thereupon alleges, that at all times relevant to the acts and omissions alleged in the foregoing paragraphs of this Complaint, Defendant DOE Officers acted pursuant to a longstanding official practice or custom of the Defendant CITY and the City of Azusa Police Department, through which, prior to October 22, 2021, City of Azusa Police Department officers employed unreasonable and excessive force in a manner that violates civilians' Fourth Amendment rights to be free from the unreasonable use of force with such frequency and regularity that, prior to October 22, 2021, City of Azusa Police Department officers' unreasonable uses of force had become a widespread and well settled practice or custom within the City of Azusa Police Department.

36.     Plaintiff is further informed and believes, and thereupon alleges, that Defendant DOE Officers shooting of decedent JESUS FLORES, who posed no

reasonable or credible threat of violence to Defendant DOE Officers, nor to any other person, demonstrated that Defendants DOE Officers training were inadequate to allow them to handle the usual and recurring situations faced by City of Azusa Police Department officers, as evidenced by the following specific actions and omissions of Defendant DOE Officers in their response to the subject incident:

37.     The tactical standard of care for law enforcement agencies similarly situated to the City of Azusa Police Department is for law enforcement officers employed by such agencies to utilize additional officers, departmental personnel, and/or departmental resources to assist them when approaching and/or attempting to arrest and/or detain suspects and/or potential arrestees whom the officers believe may possibly pose a threat to the safety of the officers or third parties. Both prior to and during the time in which Defendant DOE Officers shot and killed decedent JESUS FLORES, they acted in flagrant contravention of this well established standard of care.

38     Defendant DOE Officers in their response to the subject incident: The tactical standard of care for law enforcement agencies similarly situated to the City of Azusa Police Department is for law enforcement officers employed by such agencies, whenever possible, to issue commands and warnings that are clear and intelligible to suspects and/or potential arrestees prior to employing deadly force. Both prior to and during the time in which Defendant DOE Officers shot and killed decedent JESUS FLORES, they acted in flagrant contravention of this well established standard of care.

39.     The tactical standard of care for law enforcement agencies similarly situated to the City of Azusa Police Department is for law enforcement officers employed by such agencies to use all available forms of cover and concealment when confronted with the possibility of using deadly force. Both prior to and during the time in which Defendant DOE Officer severely injured AMBER TORRES shot

and killed decedent JESUS FLORES, they acted in flagrant contravention of this well established standard of care.

40.     The tactical standard of care for law enforcement agencies similarly situated to the City of Azusa Police Department is for law enforcement officers employed by such agencies to keep a safe distance from suspects whom the officers believe may possibly be armed with a weapon so as to obtain the tactical advantage of distance from a potentially armed threat. Both prior to and during the time in which Defendant DOE Officers severely injured AMBER TORRES and shot and killed decedent JESUS FLORES, they acted in flagrant contravention of this well established standard of care.

41.     The tactical standard of care for law enforcement agencies similarly situated to the City of Azusa Police Department is for law enforcement officers employed by such agencies to use cover, concealment, distance, additional departmental personnel, available illumination, and available communication to accurately assess the level of the threat posed by a suspect and/or potential arrestee prior to using deadly force. Both prior to and during the time in which Defendant DOE Officers severely injured AMBER TORRES and shot and killed decedent JESUS FLORES, they acted in flagrant contravention of this well established standard of care.

42.     Plaintiffs are informed and believes, and thereupon alleges, that prior to October 22, 2021, Defendant DOE Officers received training and instruction in police tactics and procedures from the City of Azusa Police Department in ways which included, but were not limited to, their attendance at a police academy, their attendance at departmental briefings, their attendance at mandatory and voluntary training seminars, their attendance at roll call at their respective station(s) prior to their assigned shift(s), their receipt of departmental training manuals, their receipt of

departmental training bulletins, and their receipt of additional departmental correspondence and electronic mails.

43.     Both prior to and on October 22, 2021, encounters with suspects and civilians, such as decedent JESUS FLORES, were common among City of Azusa Police Department officers similarly situated to Defendant DOE Officers, and such encounters were a recurring situation faced by City of Azusa Police Department officers similarly situated to Defendant DOE Officers.

44.     Plaintiffs are informed and believe, and thereupon alleges, that those individuals responsible for training Defendant DOE Officers, including, but not limited to, their respective field training deputies, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking officers, and authorized policy makers and decision makers within the City of Azusa Police Department, the identities of whom are presently unknown to Plaintiffs, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to police officers similarly situated to Defendant DOE Officers would be that  non-dangerous civilians, such as decedent JESUS FLORES, would suffer constitutional deprivations from the unreasonable and excessive use of deadly force.

45.     Plaintiffs are informed and believe, and thereupon alleges, that notwithstanding the fact that the training personnel responsible for training Defendant DOE Officers, including, but not limited to, their respective field training officers, watch commanders, shift commanders, training officers, firearms instructors, defensive tactics instructors, sergeants, captains, lieutenants, higher ranking deputies, and authorized policy makers and decision makers within the City of Azusa Police Department, the identities of whom are presently unknown to

Plaintiff, knew, or in the exercise of reasonable diligence should have known, that the obvious consequence of the failure to implement, institute, enact, communicate, teach, and/or cause to be taught the above referenced tactical training to police officers similarly situated to Defendant DOE Officers would be that unarmed and non-dangerous civilians, such as AMBER TORRES and decedent  JESUS FLORES, would suffer constitutional deprivations from the unreasonable use of deadly force, said training personnel, and each of them, deliberately and consciously failed to provide adequate tactical training in the above enumerated areas.

46.     Plaintiff is informed and believes, and thereupon alleges, that the failure of the City of Azusa Police Department to provide adequate training to Defendant DOE Officers, as described in the foregoing paragraphs of this Complaint, caused AMBER TORRES and decedent JESUS FLORES to suffer Fourth Amendment violations resulting from the unreasonable and excessive use of deadly force, as previously described in this Complaint.

47.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE Officers, AMBER TORRES was severely injured and decedent JESUS FLORES was shot on October 22, 2021, and suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension p, all to his damage in a sum to be determined at trial.

48.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE Officers, AMBER TORRES decedent JESUS FLORES was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for him, and have incurred and continues to incur expenses for emergent and other medical services, treatment, and care in an amount according to proof at trial.

49.     Plaintiffs are entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

**FOR THE THIRD CAUSE OF ACTION**
**By Plaintiff YESENIA PENA,  Individually, against Defendant DOE Officers**
**[42 U.S.C. §1983]**
**(Deprivations of Substantive Due Process)**

50.     Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

51.     This cause of action is brought by Plaintiff YESENIA PENA, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourteenth Amendment to the Constitution of the United States, including, but not limited to, Plaintiff's right to substantive due process and privacy, Plaintiff's right to associate with her son, decedent JESUS FLORES, Plaintiff's right to enjoy the care, companionship, familial relationship, and society of her son, JESUS FLORES, and Plaintiff's right to be free from arbitrary and unreasonable governmental intrusions into her family unit.

52.     Plaintiff is informed, believes, and thereon alleges that at all times mentioned herein, the Defendant CITY employed the Defendant DOE Officers. The Defendant CITY provided its individual employees and agents, including the Defendant DOE Officers, with official badges and identification cards which designated and described the bearers as employees of the Defendant CITY and the City of Azusa Police Department.

53.     At all times relevant to the acts and omissions herein alleged, the Defendant DOE Officers were employed by the Defendant CITY and the City of Azusa Police Department, and were acting under color of state law and in the course and scope of their employment with the Defendant CITY and the City of Azusa Police Department.

54.     On October 22, 2021, Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the City of Azusa Police Department, contacted JESUS FLORES and proceeded to unjustifiably stop and detain JESUS FLORES without having probable cause or reasonable suspicion to believe that he had committed any crime, or would commit a crime in the future.

55.     At no time during the course of these events did JESUS FLORES pose any reasonable or credible threat of death or serious bodily injury to the Defendant DOE Officers, nor did he do anything to justify the force that was used against him, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which he was fatally shot, JESUS FLORES posed no reasonable or credible threat of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both prior to and during the time in which he was shot dead, JESUS FLORES made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that he had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which the Defendant DOE Officers shot and killed JESUS FLORES, the Defendant DOE Officers, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JESUS FLORES posed an immediate threat of death or serious bodily injury to any person.

56.     At all times relevant to the acts and omissions alleged herein, the Defendant DOE Officers were faced with circumstances that allowed time for actual deliberation, and acted with deliberate indifference to the rights and safety of JESUS FLORES and with a conscious disregard of the risks posed to the safety of JESUS FLORES. Additionally, at all times relevant to the acts and omissions alleged herein, the Defendant DOE Officers acted with a purpose to harm unrelated to any

legitimate law enforcement objective when they shot JESUS FLORES. At all times relevant to the acts and omissions alleged herein, the Defendant DOE Officers actions in shooting JESUS FLORES would be considered to "shock the conscience."

57.    At all times mentioned herein, the Defendant DOE Officers acted under color and pretence of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and/or usages of the State of California and the Defendant CITY.

58.    The Defendant DOE Officers deprived the Plaintiff of the rights, privileges, and/or immunities secured to her by the Fourteenth Amendment to the Constitution of the United States and the laws of the United States, including, but not limited to, Plaintiff's right to substantive due process and privacy, Plaintiff's right to associate with her son, JESUS FLORES, Plaintiff's right to enjoy the care, companionship, familial relationship, and society of her son, JESUS FLORES, and Plaintiff's right to be free from

59.    Plaintiff had a Fourteenth Amendment right to substantive due process and privacy, as well as a Fourteenth Amendment right to associate with her son, JESUS FLORES, a Fourteenth Amendment right to enjoy the care, companionship, familial relationship, and society of her son, JESUS FLORES, and a Fourteenth Amendment right to be free from arbitrary and unreasonable governmental intrusions into her family unit. All of these rights and privileges were secured to Plaintiffs by the provisions of the Fourteenth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the Defendant DOE Officers, which proximately caused the death of JESUS FLORES.

60.    Plaintiff is informed, believes, and thereupon alleges, that in unreasonably seizing the person of decedent JESUS FLORES, as described in the

foregoing paragraphs of this Complaint, Defendant DOE Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of her federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant DOE Officers in an amount to be proven at the trial of this matter.

61.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE Officers, Plaintiff suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension in a sum to be determined at trial.

62.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of Defendant DOE Officers, Plaintiff was required to employ, and did in fact employ, physicians and surgeons to examine, treat, and care for them, and have incurred and continues to incur expenses for emergent and other medical services, treatment, and care in an amount according to proof at trial.

63.     Plaintiff is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**
**By Plaintiff AMBER TORRES, and YESENIA PENIA as  Successor  in Interest to JESUS FLORES Deceased, CITY OF  AZUSA and DOES 1-10 for Violations of Civil Rights**
**[Cal. Civil Code § 52.1 - Tom Bane Civil Rights Act]**

64.     Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

65.     All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY's vicarious liability for acts and omissions of

1    municipal employees undertaken in the course and scope of their employment

2    pursuant to California Government Code §§ 815.2(a) and 820(a).

3        66.    This cause of action is brought on behalf of decedent JESUS FLORES,

4    by and through his Successor in Interest, Plaintiffs YESENIA PENA, who would,

5    but for his death, be entitled to bring this cause of action, and is set forth herein to

6    redress the deprivation of rights, privileges, and/or immunities secured to JESUS

7    FLORES by the laws of the United States and the United States Constitution, and

8    the laws of the State of California, including California Civil Code § 52.1 and the

9    California Constitution.

10       67.    At approximately 5:00 p.m. on October 22, 2021, Defendant DOE

11   Officers, while acting under color of state law and in the course and scope of their

12   employment with the Defendant CITY and the City of Azusa Police Department,

13   contacted AMBER TORRES and decedent, JESUS FLORES, at or around 229 S.

14   Azusa Ave. in Azusa, California, and proceeded to unjustifiably detain AMBER

15   TORRES and JESUS FLORES, without having probable cause or reasonable

16   suspicion to believe that they had committed any crime, or would commit a crime in

17   the future. Without warning, the Defendant DOE Officers proceeded to assault and

18   batter AMBER TORRES and decedent, JESUS FLORES, by acts which included,

19   but were not limited to, repeatedly and unjustifiably discharging their department-

20   issued firearms at the vehicle and at the person of JESUS FLORES, inflicting

21   injuries and gunshot wounds, which proved to be fatal.

22       68.    As a direct and proximate result of the above-mentioned conduct of the

23   Defendant DOE Officers, and each of them,  AMBER TORRES sustained severe

24   injuries to her body, including her neck, back, and mind, and decedent, JESUS

25   FLORES was shot on October 22, 2021. After surviving for an appreciable period of

26   time following the shooting, JESUS FLORES died as a direct and proximate result

27   of the gunshot wounds inflicted upon his person by the Defendant DOE Officers.

28

69.     At no time during the course of these events did  AMBER TORRES or JESUS FLORES pose any reasonable or credible threat of death or serious bodily injury to the Defendant DOE Officers, nor did they do anything to justify the force that was used against them,, and the same was deadly, excessive, unnecessary, and unlawful. Both prior to and during the time in which they were injured, AMBER TORRES and JESUS FLORES posed no reasonable or credible threat of death or serious bodily injury to the Defendant DOE Officers, nor to any other individual. Both prior to and during the time in which they were injured, they made no aggressive movements, furtive gestures, or physical movements which would suggest to a reasonable police officer that they had the will, or the ability, to inflict substantial bodily harm upon any individual. Both prior to and during the time in which the Defendant DOE Officers injured AMBER TORRES and ultimately killed JESUS FLORES, the Defendant DOE Officers, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that AMBER TORRES and JESUS FLORES posed an immediate threat of death or serious bodily injury to any person.

70.     California Civil Code § 52.1 (the Bane Act) prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

71.     Plaintiffs are informed, believes, and thereon alleges that the Defendant OFFICERS, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the City of Azusa Police Department, intentionally committed, and attempted to commit, acts of violence against AMBER TORRES and JESUS FLORES, and/or acted in reckless disregard of AMBER TORRES and JESUS FLORES's civil rights, by repeatedly discharging their department-issued firearms at the vehicle driven by decedent JESUS FLORES, and his person, without justification or excuse.

72. When the Defendant DOE Officers shot AMBER TORRES and JESUS FLORES, they interfered with their civil rights, including their right to be free from unreasonable governmental seizures of their person, their right to due process, their right to equal protection of the laws, their right to be free from state actions that shock the conscience, and their right to life, liberty, and property.

73. Plaintiffs are informed, believe, and thereon alleges that the Defendant DOE Officers intentionally and spitefully committed the above described acts to discourage AMBER TORRES and JESUS FLORES from exercising his civil rights, retaliate against AMBER TORRES and JESUS FLORES for invoking their civil rights, and/or prevent AMBER TORRES and JESUS FLORES from exercising their civil rights, and/or acted in reckless disregard of AMBER TORRES and JESUS FLORES civil rights, which he was fully entitled to enjoy.

74. Plaintiffs are informed, believe, and thereon allege that AMBER TORRES and JESUS FLORES reasonably believed and understood that the violent acts committed by the Defendant DOE Officers were intended to discourage them from exercising his above described civil rights, retaliate against him for invoking his above described civil rights, and/or prevent them from exercising his above described civil rights.

75. Plaintiffs are informed, believe, and thereon allege that the Defendant DOE Officers successfully interfered with the above described civil rights of AMBER TORRES and JESUS FLORES

76. The wrongful, intentional, and malicious conduct of the Defendant DOE Officers described herein was a substantial factor in causing AMBER TORRES and JESUS FLORES harms, losses, injuries, and damages.

77. Plaintiffs are informed, believe, and thereupon alleges that in intentionally committing and attempted to commits acts of violence against AMBER TORRES and JESUS FLORE,  and/or in acting in reckless disregard of AMBER

TORRES and JESUS FLORES' civil rights, and thereby interfering with AMBER TORRES and JESUS FLORES civil rights, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive them of their protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Officers in an amount to be proven at the trial of this matter.

78.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, AMBER TORRES and JESUS FLORES suffered great mental and physical pain, suffering, and anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life, all to their damage in a sum to be determined at trial.

79.    As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant DOE Officers, AMBER TORRES and JESUS FLORES were required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for them and incurred expenses for emergent medical services and medical treatment and care p in an amount according to proof at trial.

### FIFTH CAUSE OF ACTION
**Plaintiff YESENIA PENA, Individually**
**Defendant City of Azusa  and Does 1-10 for Wrongful Death**
**[Cal. Gov't. Code §§815.2(a); 820(a); and Cal. Civ. Code §43]**
**(Based on Battery)**

80.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

81.   All claims asserted herein against the Defendant CITY are presented pursuant to the CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

82.   At approximately 5: 00p.m. on October 22, 2021, Plaintiff's decedent, JESUS FLORES was operating a motor vehicle at or around 229 S. Azusa Ave. in Azusa, California when the heretofore unknown Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the City of Azusa Police Department, violently confronted JESUS FLORES and AMBER TORRES.

83.   Without warning, the Defendant DOE Officers proceeded to assault and batter decedent JESUS FLORES by acts which included, but were not limited to, repeatedly and unjustifiably discharging their department-issued firearms at the vehicle being operated by JESUS FLORES , inflicting several gunshot wounds, which proved to be fatal.

84.   As a direct and proximate result of the above-mentioned conduct of the Defendant DOE Officers, and each of them, decedent JESUS FLORES was shot on October 22, 2022. After surviving for an appreciable period of time following the shooting, JESUS FLORES died as a direct and proximate result of the gunshot wounds inflicted upon his person by the Defendant DOE Officers. At no time during the course of these events did JESUS FLORES pose any reasonable or credible threat of violence to the shooting officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

85.   Both prior to and during the time in which he was fatally shot, decedent JESUS FLORES was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to the heretofore unknown Defendant DOE Officers who shot him, nor to any other individual. Both prior to and during the time

in which he was shot dead, JESUS FLORES made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Officers shot and killed JESUS FLORES, the Defendant DOE Officers, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JESUS FLORES posed the risk of death or serious bodily injury to any person.

86.    Plaintiff is informed and believes, and thereupon alleges, that in using deadly force against decedent JESUS FLORES, the Defendant DOE Officers acted contrary to and violated the policies of the City of Azusa Police Department by using deadly force against a suspect in a motor vehicle in a manner proscribed by the policies of the City of Azusa Police Department.

87.    Plaintiff is informed, believes, and thereupon alleges, that in shooting decedent JESUS FLORES, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JESUS FLORES of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against the Defendant DOE Officers in an amount to be proven at the trial of this matter.

88.    As a direct and proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of decedent JESUS FLORES, JESUS FLORES's heir, the Plaintiff  herein, has sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance,

services, earnings, and support of JESUS FLORES in an amount according to proof at trial.

89.    As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of decedent JESUS FLORES, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

### SIXTH CAUSE OF ACTION
**By Plaintiff YESENIA PENA, Individually**
**Against Defendant City of Azusa  and Does 1-10 for Wrongful Death**
**[Cal. Gov't. Code §§815.2(a); 820(a)]**
**(Based on Negligence)**

90.    Plaintiffs restate and incorporate by reference the foregoing paragraphs of this Complaint as if set forth in full at this point.

91.     All claims asserted herein against the Defendant CITY are presented pursuant to the Defendant CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

92.    At approximately 5:00 p.m. on October 22, 2021, Plaintiff's decedent, JESUS FLORES, was operating a motor vehicle at or around 229 S. Azusa Ave. in Azusa, California, when the heretofore unknown Defendant DOE Officers, while acting under color of state law and in the course and scope of their employment with the Defendant CITY and the City of Azusa Police Department, negligently assessed the circumstances presented to them, and then violently confronted JESUS FLORES.

93.     Without warning, the Defendant DOE Officers proceeded to negligently discharge their department-issued firearms at the person of decedent JESUS FLORES, inflicting several gunshot wounds, which proved to be fatal. After surviving for an appreciable period of time following the shooting, JESUS FLORES died as a direct and proximate result of the gunshot wounds negligently inflicted

upon his person by the Defendant DOE Officers. At no time during the course of these events did JESUS FLORES pose any reasonable or credible threat of violence to the shooting officers, nor did he do anything to justify the force used against him, and the same was deadly, excessive, unnecessary, and unlawful.

94.     Both prior to and during the time in which he was fatally shot, decedent JESUS FLORES was not armed with any kind of weapon, and posed no reasonable or credible threat of violence to the heretofore unknown Defendant DOE Officers who shot him, nor to any other individual. Both prior to and during the time in which he was shot dead, JESUS FLORES made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which the Defendant DOE Officers shot and killed JESUS FLORES, the Defendant DOE Officers, who fired, were not faced with any circumstances which would have led a reasonable police officer to believe that JESUS FLORES posed the risk of death or serious bodily injury to any person.

95.     Plaintiffs are informed and believe, and thereupon allege, that in using deadly force against decedent JESUS FLORES, the Defendant DOE Officers acted contrary to and violated the policies of the City of Azusa Police Department by using deadly force against a suspect in a motor vehicle in a manner proscribed by the policies of the City of Azusa Police Department.

96.     Plaintiffs are informed and believe, and thereupon allege, that on and before October 22, 2021, the Defendant DOE Officers had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of deadly force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in approaching and/or attempting

to detain civilians and suspects who do not pose a risk of death or serious bodily injury to any person. Notwithstanding each of these duties, the Defendant DOE Officers failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to, negligently failing to utilize additional departmental resources during the detention of decedent JESUS FLORES, negligently failing to utilize available forms of cover and concealment during the detention arrest of JESUS FLORES, negligently failing to maintain a position of tactical advantage during the detention of JESUS FLORES, negligently failing to communicate and/or effectively communicate with one another and with other departmental personnel and resources during the detention of JESUS FLORES, negligently failing to utilize less lethal force options and other alternatives less intrusive than deadly force during the detention of JESUS FLORES, negligently failing to deescalate the situation involving JESUS FLORES, negligently employing a tactical response to the situation involving JESUS FLORES that resulted in the unnecessary and preventable shooting of JESUS FLORES, negligently employing deadly force against an individual in contravention of the policies of the City of Azusa Police Department, negligently failing to determine the fact that JESUS FLORES posed no immediate threat of death or serious bodily injury to any person when he was shot and killed, negligently inflicting physical injury upon JESUS FLORES, as described herein, and negligently employing deadly force against JESUS FLORES when the same was unnecessary and unlawful. All of these negligent acts proximately caused JESUS FLORES's death on November 23, 2021.

97.     As a proximate result of the above-described conduct of the Defendants, and each of them, JESUS FLORES was shot, and ultimately died from the gunshot wounds November 23, 2021.

98.     As a direct and proximate result of the death of decedent JESUS FLORES and the above-described conduct of the Defendants, and each of them, JESUS FLORES's heir, the Plaintiff herein, have sustained substantial economic and non-economic damages resulting from the loss of the love, companionship, comfort, care, assistance, protection, affection, society, moral support, training, guidance, services, earnings, and support of JESUS FLORES in an amount according to proof at trial.

99.     As a further proximate result of the above-described conduct of the Defendants, and each of them, and the ensuing death of decedent JESUS FLORES, Plaintiff has incurred funeral and burial expenses in an amount according to proof at trial.

**SEVENTH CAUSE OF ACTION**
**By Plaintiff AMBER TORRES, Individually**
**Against Defendant City of Azusa and Does 1-10 for Battery**
**[Cal. Gov't. Code §§815.2(a); 820(a)]**

100.   Plaintiff restates and incorporates by reference the foregoing paragraphs of this Complaint as set forth in full at this point.

101.   All claims asserted herein against the Defendant CITY are presented pursuant to the CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

102.   Plaintiff is informed, believes, and thereupon alleges, that in shooting at the vehicle, as described in the foregoing paragraphs of this Complaint, the Defendant DOE Officers acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive AMBER TORRES of her protected rights and privileges, and did in fact violate the aforementioned rights and

privileges, thereby warranting punitive and exemplary damages against the
Defendant DOE Officers in an amount to be proven at the trial of this matter.

103.   As a direct and proximate result of the above-described conduct of the
Defendants, and each of them, and the ensuing severe injuries to AMBER TORRES,
she was place in great fear for her life and physical well being, and has suffered and
continues to suffer extreme and severe mental anguish, as well as great mental and
physical pain and injury, all to her damage in a sum to be determined at trial.

104.   As a further proximate result of the wrongful, intentional, and
malicious acts and omissions of Defendant Officers, Plaintiff AMBER TORRES has
been required to employ, and did in fact employ, physicians to examine, treat and
care for her, and has incurred and continues to incur expenses for emergent and
other medical services, treatment, and care in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION
### By Plaintiff AMBER TORRES, Individually
### Against Defendant City of Azusa and Does 1-10 for Negligence
### [Cal. Gov't. Code §§815.2(a); 820(a)]

105.   Plaintiff restates and incorporates by reference the foregoing
paragraphs of this Complaint as set forth in full at this point.

106.   All claims asserted herein against the Defendant CITY are presented
pursuant to the CITY's vicarious liability for acts and omissions of municipal
employees undertaken in the course and scope of their employment pursuant to
California Government Code §§ 815.2(a) and 820(a).

107.   As a direct and proximate result of the above-described conduct of the
Defendants, and each of them, and the ensuing severe injuries to AMBER TORRES,
she was place in great fear for her life and physical well being, and has suffered and
continues to suffer extreme and severe mental anguish, as well as great mental and
physical pain and injury, all to her damage in a sum to be determined at trial.

108.   As a further proximate result of the wrongful, intentional, and
malicious acts and omissions of Defendant Officers, Plaintiff AMBER TORRES has

been required to employ, and did in fact employ, physicians to examine, treat and care for her, and has incurred and continues to incur expenses for emergent and other medical services, treatment, and care in an amount according to proof at trial.

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. For funeral and burial related expenses according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For general and exemplary damages in an amount according to proof at trial;
4. For costs of suit incurred herein; and
5. For such other and further relief as the Court deems just and proper.
6. For attorneys; fees incurred herein, as provided by law;
7. For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and
8. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand that a jury be impaneled for the trial of this matter.


Respectfully submitted,

DATED: October 13, 2022            **THE COCHRAN FIRM CALIFORNIA**



By: /s/Brian T. Dunn _____
    BRIAN T. DUNN
    TIMAIAH SMITH
    Attorneys for Plaintiffs